UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID BOWERS,
        Plaintiff,

v.                                                   Case No. 07-C-1

WILLIAM POLLARD, et al.,
        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Bowers, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Columbia Correctional Institution.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Plaintiff lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted, and the initial filing fee is waived.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

2

the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The first order of business is to dismiss any claims brought on behalf of nominal plaintiffs Dontrell LaFlore and John Townsend. Although they are named in the complaint, the complaint mentions them only in passing and sets forth only the injuries alleged by plaintiff Bowers. Moreover, Bowers was informed by the clerk's office that if the other plaintiffs wanted to pursue this action, the court would require separate *in forma pauperis* motions or payment from each of them. As there has been no response to that letter, and as the complaint does not allege any claims on their behalf, they are dismissed from the action.

The rest of the complaint sets forth Bowers' claim that his placement in a behavior plan at Green Bay Correctional Institution violated the Eighth Amendment and Due Process Clause of the Constitution. While on this behavior plan, Bowers alleges he has been denied the necessities of life and has been forced to sleep on a cold floor. This could state a claim under the Eighth Amendment or Due Process Clause. He also alleges that on one occasion he was beaten and given a 50,000 volt shock even though he was not resisting the guards, which could constitute an Eighth Amendment violation. Accordingly, the complaint will be allowed to proceed on these claims.

3

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this __14th__ day of February, 2007.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge