UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID BOWERS,

        Plaintiff,

v.                                                            Case No. 07-C-1

WILLIAM POLLARD, et al.,

        Defendants.

**ORDER**

On June 29, 2007, Plaintiff David Bowers filed two motions seeking three forms of relief. First, he asks the court to "strike" various affirmative defenses contained in the Defendants' answer. This motion will be denied. The merits of any defenses the Defendants have offered will be decided at the summary judgment or trial stage; there is no reason to consider them at this point merely because they have been raised in an answer.

Second, Bowers seeks an order extending the legal loan he has received from the state. He states that he will need more funds to make photocopies and send materials to the Defendants. Yet the legal loan program is already a bonus the state has provided him – it is essentially loaning inmates money so that they can sue the state's own employees. This largesse has a limit, and if the inmate has exceeded that limit it is no business of the federal courts; as the Seventh Circuit has found:

> [A prison inmate] has "no constitutional entitlement to subsidy," *Lewis v. Sullivan,* 279 F.3d 526, 528 (7th Cir.2002), to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund.

*Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir.1998). If he is able to convince Wisconsin to extend him more credit for his legal endeavors, in apparent violation of Wisconsin law, any debt arising from that extension of credit will be a matter strictly between him and Wisconsin, and not any business of the federal courts.

*Lindell v. McCallum,* 352 F.3d 1107, 1111 (7th Cir. 2003).

Finally, Bowers seeks a thirty-day extension of time for discovery. He states that his inexperience with litigation caused him to make mistakes at the outset of this lawsuit. He further claims that he is attempting to name additional defendants. This request will be granted, as the additional time sought is reasonable and there has been no history of abuse.

Accordingly, the motion to strike is **DENIED**; the motion for a legal loan extension is **DENIED**; and the motion for an extension of time is **GRANTED**: discovery will be completed by August 10, 2007 and dispositive motions will be due September 10, 2007.

**SO ORDERED** this   5th   day of July, 2007.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge